## GRANITE MOUNTAIN MINING COMPANY v. DURFEE, JUDGE.

[Argued October 16, 1891.    Decided October 21, 1891.]

CHANGE OF VENUE—*District judge—Disqualification.* — A judge who is disqualified to act as such in an action cannot be compelled by mandamus to pass upon a motion for a change of venue which is based upon the ground of his disqualification, where he announced by order that on a certain day and hour a judge of another district would be in attendance to pass upon the motion, as under the fourth subdivision of section 62 of the Code of Civil Procedure, the place of trial shall not be changed for disqualification of the district judge in any case where the judge of another district will appear and try the action. And in such case the disqualification does not extend to his selecting and inviting the attendance of a judge of another district to try the action, in the absence of constitutional or statutory provision for any other method by which the attendance of another judge may be secured.

Original proceeding.    Application for a writ of mandate.

Statement of the case by the judge delivering the opinion.

The petition is for a writ of mandate requiring the judge of the Third Judicial District to grant a change of venue in an action in which the petitioner is defendant and James E. Durfee is plaintiff.

The said James E. Durfee obtained against said Granite Mountain Mining Company a judgment by default. Defendant filed a motion asking to have the default opened. That motion was pending when the matter now in controversy arose, and is still pending. Before said motion was brought to a hearing, the defendant suggested to the court that the plaintiff was a brother of the judge, Hon. DAVID M. DURFEE. This relationship between the party and the judge is a disqualification. The statute says: "A judge shall not act as such when he is related to either party by consanguinity or affinity within the third degree." (Code Civ. Proc. § 547.) The defendant asked the court to have the venue of the cause changed for this reason. The judge stated that he was a brother of the plaintiff, but that he would make no order in the case, as he had no ⸢dou⸣bt that he could procure another judge to try the case, and ⸢at the⸣ hearing and trial he would call another judge from ⸢another distric⸣t, who would appear and try the action, and all ⸢the⸣ cause. The "hearing" and "all proceedings

in the cause," as referred to by the judge, are reasonably taken to refer to the motion to open the default then and still pending.

Later, October 3, 1891, appears this order: "This cause coming on regularly to be heard, the court announced that on Saturday, October 24, 1891, at the hour of ten o'clock on that day, he would have in attendance a judge from another district to pass upon the pending motion, and set this cause for trial."

The court refused to pass upon the motion for a change of venue, and announced that he would have a judge from another district, relying upon the statute (Code Civ. Proc. § 62), which provides: "The court may, on good cause shown, change the place of trial in the following cases: . . . . *Fourth.* When, from any cause, the judge is disqualified from acting in the action; *provided,* that the court shall not change the place of trial for disqualification of the district judge, in any case where the judge of another district will appear and try the action."

The petitioner now seeks to compel the District Court to change the venue. The respondent's defense is based upon the statute last cited.

*Forbis & Forbis,* for Petitioner.

Counsel cited in support of the application: *Livermore* v. *Brundage,* 64 Cal. 299; *Graham* v. *People,* 111 Ill. 253; *O'Connell* v. *Gravitt,* 7 Colo. 40; *People* v. *De La Guerra,* 24 Cal. 73; *Oakley* v. *Aspinwall,* 3 N. Y. 547.

*Cole & Whitehill,* for Respondent.

DE WITT, J. — It has been suggested that the District Court made an order refusing to grant the motion for a change of the place of trial, and that this order is appealable (Code Civ. Proc. § 444), and that therefore a writ of mandate will not lie. But we are of opinion that a fair deduction from the record is that the court simply refused to act on the motion, and this is also the view of counsel for the petitioner. They complain of what they call "non-action" by the court, and seek, by this writ, to bring the court into action.

The disqualification of the judge "to act as such" in the action is, under the statute, unquestioned. In refusing to act,

even upon the motion, the judge below obeyed the mandate of the statute literally and fully (Code Civ. Proc. § 547), although it has been suggested that the granting of a change of venue is a formal act, which even a disqualified judge may perform. (*Cock* v. *State,* 8 Tex. App. 666, cited in *Littrell* v. *Wilcox, ante,* p. 77.)

We are then brought to the contention of the parties. Petitioner claims that the granting of a change of venue in this case was not a judicial act, but purely ministerial, in which the court had no discretion, but that the motion should have been granted at once and of course. On the other hand, the respondent contends that the venue should not be changed if the judge of another district will appear and try the action. This is unquestionably correct, and the plain direction of the statute, and so far there is no disagreement between the parties. But the controversy arises as to the procuring of the other judge. Petitioner claims that the disqualified judge cannot call in the judge; that is to say, he cannot select him; that, if he is disqualified to act, he is disqualified to select his substitute. Petitioner admits that there would be no trouble if the other judge were in Judge DURFEE'S court by means other than the invitation of the resident judge.

Petitioner's position reduces itself to about this: It is right for him to try his case before a judge who happens to get into Judge DURFEE'S court, but not before one who arrives there by the only means by which another judge could ever so arrive.

There is no provision of the Constitution or the statute, as in some States, by which the governor, or any other officer, could assign a judge to go to Judge DURFEE'S court, for any purpose, in a case of this nature. Such other judge will never voluntarily go to Judge DURFEE'S court, and request the judge upon the bench to vacate his seat for him.

Nor is petitioner's case helped if he says that he will wait, and the plaintiff must wait, for a trial, until another judge happens to be in the court upon business other than that in controversy; for the other judge will, even then, be there upon the invitation and selection of the resident judge, and the situation is in no manner altered.

When the statute says that the place of trial shall not be

changed for disqualification of the judge, when another judge will appear, etc., it must be construed to mean something, if meaning can be extracted from language; and, in our opinion, it does mean that such judge shall appear by the only method by which it is possible for him to appear, viz., by the invitation of the resident judge. When it is argued that to allow this is to allow a disqualified judge to "act as such in the action," the reply is that, under our law, the whole subject has been made statutory, and the same power that disqualifies a judge can make an exception to such disqualification, and such exception is found in the constitution of the courts, which makes Judge DURFEE the judge of the third district, which clothes him with authority in his own court, and the Constitution (art. viii. § 12), which provides that another judge may sit in his place, and the absence of provision, constitutional or statutory, for any other method by which such other judge can occupy Judge DURFEE's seat, except upon the call of the judge presiding upon that bench.

The application for the writ must be denied, and it is so ordered.

*Writ denied.*

BLAKE, C. J., and HARWOOD, J., concur.